**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 9, 2011

No. 10-50898
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

LORENZO ROBLEDO,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:09-CR-129-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Lorenzo Robledo appeals from his jury conviction of possession of a firearm by a felon. He argues that the evidence was insufficient to support his conviction.

We will uphold the jury's verdict if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *United States v. Percel*, 553 F.3d 903, 910 (5th Cir. 2008). We "view[] the evidence in the light

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

most favorable to the verdict and draw[] all reasonable inferences from the evidence to support the verdict." *Percel*, 553 F.3d at 910 (internal quotation marks and citation omitted).

To convict Robledo of being a felon in possession of a firearm, the Government had to prove that he was previously convicted of a felony, that he knowingly possessed a firearm, and that the firearm traveled in or affected interstate commerce. *See United States v. Anderson*, 559 F.3d 348, 353 (5th Cir. 2009); 18 U.S.C. §§ 922(g)(1), 924(a)(1)(B). Robledo's fingerprint was lifted from the firearm, proving that he had touched it. Trooper Travis Ballew, an experienced accident investigator, found the firearm atop the grass, 10 or 15 feet from where Robledo's car had come to rest, albeit one and one-half to two hours after Robledo's car accident. The weapon was not rusty, it contained ammunition, and the slide moved easily, suggesting to Ballew that it only recently had been abandoned. Robledo had several minutes in which to dispose of any incriminating evidence during the time it took Ballew to get to the scene of the accident. The jury could have inferred that Robledo possessed the weapon when he had the accident and that he disposed of it before Ballew arrived. *See Percel,* 553 F.3d at 910. The evidence was sufficient to prove beyond a reasonable doubt that Robledo knowingly possessed the firearm. *See id.*; *Anderson,* 559 F.3d at 353-54.

AFFIRMED.